(No. 2723., Feb 6, 1923)

## STATE v. SNYDER

### (SYLLABUS BY THE COURT.)

Evidence reviewed, and held to warrant a finding of the trial court that appellant had permitted certain premises, while under her control, to be used for the purposes of prostitution, lewdness and assignation, in violation of chapter 69, Laws of 1921, which warranted the trial court in setting aside an order of suspension of a jail sentence, which was suspended during the good behavior of appellant.

Appeal from District Court, Colfax County; Leib, Judge.

Pearl Snyder was convicted of keeping a house of prostitution, and from an order setting aside a suspended judgment she appeals. Affirmed.

O. O. Askren, of East Las Vegas, and Voorhees & Voorhees, of Raton, for appellant.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

BRATTON, J. On December 24, 1917, the appellant entered a plea of guilty herein to an information filed by the district attorney, charging her with setting up and keeping a house of prostitution. She was sentenced to pay a fine of $50 and to serve a term of one month in the county jail of Colfax county, with the provision that such jail sentence should be suspended during her good behavior. Thereafter, and on October 31, 1912, the district attorney filed a petition or application to have such suspension of the jail sentence set aside and vacated, for the reason that the appellant had permitted certain premises, known as the "Raton Hotel," which were then and there under her control, to be used for the purposes of prostitution, lewness, and assignation in violation of chapter 69, Laws of 1921. After due notice had been given appellant, and upon issue joined, evidence was submitted by both ap-

pellant and appellee, and thereafter the court duly set aside the order of suspension and set the judgment with respect to the jail sentence into force and effect, from which appellant has perfected this appeal.

The sole question presented by the record is whether or not there is substantial evidence to support the judgment of the court. We have carefully examined the record, and conclude that such substantial evidence exists. Jerry LeVan, a witness for the state, testified that she was a prostitute; that she rented a room in the Raton Hotel from appellant, and told her that she expected to use it for such purposes; that she agreed to pay appellant, as rental upon said room, a percentage of the money earned by her in plying her trade, and that she did ply her trade by carrying on acts of prostitution there. The sheriff of Colfax county testified that the place bore the reputation of being a house of prostitution; that he had complained to appellant concerning some women who had lodged there; that when he went to said premises and arrested Jerry LeVan he found a man hid behind the door in her room. It is further shown that the room occupied by appellant joined the one occupied by the said Jerry LeVan, and that the doors to their respective rooms, which opened into the hall, almost joined each other. We think this evidence amply supports the judgment of the trial court, and it will therefore be affirmed; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.